# EXHIBIT A

E-FILED
6/14/2023 6:34 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
23CV417770
Reviewed By: A. Harding

Kane Moon (SBN 249834)
E-mail: *kane.moon@moonyanglaw.com*
Christopher L. Garcia (SBN 306082)
E-mail: *chris.garcia@moonyanglaw.com*
Michael Citrin (SBN 335033)
E-mail: *michael.citrin@moonyanglaw.com*
**MOON & YANG, APC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff
MADISON LAIRD

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SANTA CLARA**

| | |
|---|---|
| MADISON LAIRD, an individual; <br><br> Plaintiff, <br><br> vs. <br><br> AVANADE, INC., a Washington Corporation; and DOES 1 through 25, inclusive, <br><br> Defendants. | Case No.: 23CV417770 <br><br> **COMPLAINT FOR DAMAGES FOR:** <br><br> 1. **AGE DISCRIMINATION IN VIOLATION OF FEHA;** <br> 2. **RETALIATION IN VIOLATION OF FEHA;** <br> 3. **FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT DISCRIMINATION AND/OR RETALIATION;** <br> 4. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** <br><br> [JURY TRIAL DEMANDED] |

1
COMPLAINT

COMES NOW Plaintiff Madison Laird for his Complaint against Defendant Avanade, Inc., and DOES 1 through 25 (herein collectively referred to as "Defendants"), and each of them, complains and alleges as follows:

## THE PARTIES

1. Plaintiff Madison Laird ("Plaintiff" or "Laird") is, and at all relevant times herein was, an individual residing in the County of Santa Clara, State of California.

2. Plaintiff is informed and believes and thereon alleges that Defendant Avanade, Inc. ("Defendant" or "Avanade") is, and at all relevant times was, a Washington Corporation that conducts business in the County of Santa Clara, State of California.

3. Plaintiff is ignorant of the true names and capacities of those defendants sued as DOES 1 through 25, inclusive, and, therefore, sues them under the fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff is informed and believes, and thereon alleges that the DOES are in some manner or capacity and to some degree legally and proximately responsible and liable for the damages in the Plaintiff's complaint. When the true names and capacities of DOES 1 through 25 are determined, Plaintiff will amend this complaint to allege the true names and capacities of such DOE defendants.

4. Plaintiff is informed and believes and thereon alleges that each of the Defendants was the agent, servant, employee, joint venturer, joint owner, joint tenant, community property owner, guarantor and/or partner of each of the other co-Defendants, and in doing or failing to do the things alleged herein, each co-Defendant was acting within the scope of authority conferred upon that party by consent, approval and/or ratification of each of the other co-Defendants, whether said authority was actual or apparent. "Defendants", as used herein, means each and all of the Defendants, unless the context requires otherwise.

5. Plaintiff is informed and believes and thereon alleges that Defendants' improper conduct alleged herein occurred in the County of Santa Clara in the state of California.

//

//

**GENERAL ALLEGATIONS**

6. On or about December 17, 2020, Laird was hired by Defendants. Laird was employed by Defendants until on or about April 26, 2022 when he was terminated.

7. During Laird's employment with Defendants, it became apparent to Laird that he was one of the oldest, if not oldest group managers at Defendant that he was aware of.

8. In or around April 2022, Laird was falsely accused of misconduct in the workplace.

9. On or about April 22, 2022, Defendants suddenly terminated Laird.

10. Within a short time of Laird's termination, Laird was informed by a former cow-worker that Defendants hired a substantially younger person to fill Laird's position.

11. Laird is informed and believes and thereon alleges that the Defendants terminated Laird's employment due to his age, his complaints, and/or for other discriminatory reasons.

12. Laird is informed and believes and thereon alleges that at all times mentioned in this complaint, Defendants regularly employed 5 or more persons in the state of California, and therefore are accordingly subject to the provisions of FEHA.

13. Laird has duly complied with the requirements of the Fair Employment and Housing Act by filing charges of discrimination with the DFEH/CCRD and obtaining the requisite "Right to Sue" notice.

14. On information and belief, Defendants, and each of them were on actual and constructive notice of the improprieties alleged herein and intentionally refused to rectify their unlawful policies. Defendants' violations, as alleged above, during all relevant times herein were willful and deliberate.

15. At all relevant times, Defendants were and are legally responsible for all of the unlawful conduct, policies, practices, acts and omissions as described in each and all of the foregoing paragraphs as the employer of Laird. Further, Defendants are responsible for each of the unlawful acts or omissions complained of herein under the doctrine of "respondeat superior".

//

**FIRST CAUSE OF ACTION**

**(Age Discrimination in Violation of FEHA – Against All Defendants)**

16. Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

17. FEHA, codified in Government Code §§12900 *et seq.*, makes it unlawful for an employer to discriminate against an employee on the basis of the employee's age.

18. Plaintiff is informed and believes and thereon alleges, that by terminating Plaintiff, who at the time of his termination was the age of 55, Defendants violated FEHA.

19. Plaintiff is informed and believes and thereon alleges, that his age was a motivating factor in Defendants' decision to terminate Plaintiff's employment, and other discrimination against him, in violation of Government Code §12940.

20. At all times relevant hereto, Plaintiff performed his job duties for Defendants in a competent and efficient manner within the company rules and policies. In general, Plaintiff performed his duties as an exemplary employee.

21. Although Plaintiff was qualified for his position based on her extensive experience with Defendants, Plaintiff was discriminated based on his age.

22. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

23. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff will need to seek medical attention, all to his damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

24. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

//

//

25. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to his damage in a sum according to proof.

26. The above-referenced actions of Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against and/or terminated Plaintiff because of his age, thereby entitling Plaintiff to punitive damages.

## SECOND CAUSE OF ACTION

### (Retaliation in Violation of FEHA – Against All Defendants)

27. Plaintiff hereby incorporates all foregoing paragraphs of this complaint as though fully set forth herein.

28. Plaintiff was subjected to adverse employment actions including, but not limited to termination. Plaintiff is informed and believes and thereon alleges that such adverse employment actions were taken in retaliation for exercising Plaintiff's rights, and/or Plaintiff's age. Such conduct violates Government Code section 12945.2(1) and other provisions of FEHA.

29. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

30. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

31. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

32. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

33. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against Plaintiff because of Plaintiff's age, thereby entitling Plaintiff to punitive damages.

## THIRD CAUSE OF ACTION

### (Failure to Take All Reasonable Steps to Prevent Discrimination, and/or Retaliation In Violation of FEHA – Against All Defendants)

34. Plaintiffs hereby incorporate by reference all foregoing paragraphs of this complaint as though fully set forth herein.

35. Defendants failed to take all reasonable steps necessary to prevent the aforementioned discrimination, and retaliation to which Plaintiff was subjected in violation of California Government Code § 12940(k).

36. The conduct and acts described herein were an ongoing part of a continuing scheme and course of conduct. Defendants knew the substance of the above-described facts and circumstances and ratified the wrongs and injuries mentioned herein when it was in their ability to prevent, remedy and/or correct these wrongs. Defendants have continued to ratify and refused to remedy or correct the aforementioned conduct, notwithstanding the fact that its officials knew or reasonably should have known of the conduct and its unlawful motivations.

37. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

38. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical

6
COMPLAINT

attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

39. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

40. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

41. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiffs' rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated against, and/or retaliated against Plaintiff because of Plaintiff's age, thereby entitling Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

### (Wrongful Termination in Violation of Public Policy – Against All Defendants)

42. Plaintiff hereby incorporates by reference all foregoing paragraphs of this complaint as though fully set forth herein.

43. Plaintiff is informed and believes and thereon alleges, that Defendants, and each of them, terminated Plaintiff in retaliation for his age, for Plaintiff's complaints, Plaintiff's engagement in protected activities, and/or for other discriminatory reasons.

44. Plaintiff is further informed and believes and thereon alleges that Defendants' termination of Plaintiff violated Government Code § 12900 *et. seq.* and Article 1, Section 8 of the California Constitution, both of which prohibit discrimination based upon age.

45. As a proximate cause of Defendants' wrongful conduct as referenced above, Plaintiff has suffered emotional distress and general damages in a sum of excess of the minimum jurisdiction of the court and according to proof.

46. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did seek medical attention, and will need to seek medical attention in the future, all to Plaintiff's damage in a sum in excess of the minimum jurisdiction of the court and according to proof.

47. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff suffered a loss of wages, fringe benefits, and job benefits, all in amounts in excess of the minimum jurisdiction of the court and according to proof.

48. As a further proximate result of Defendants' wrongful conduct as referenced above, Plaintiff was required to and did hire attorneys, all to Plaintiff's damage in a sum according to proof.

49. The above-referenced actions of all Defendants were done with malice, fraud or oppression, and in reckless disregard of Plaintiff's rights under FEHA, California Civil Code § 3294 and in violation of the public policy of California. Specifically, Defendants discriminated Plaintiff because of Plaintiff's age, Plaintiff's complaints, and/or other protected activities, thereby entitling Plaintiff to punitive damages.

**WHEREFORE**, Plaintiff prays for Judgment against Defendants, and each of them, jointly and severally, as follows:

**AS TO FIRST, SECOND, THIRD, AND FOUTH CAUSES OF ACTION**

a) For general damages for pain and suffering according to proof;

b) For damages for past and future medical expenses according to proof;

c) For lost wages and other benefits according to proof;

d) For reasonable attorneys' fees in an amount according to proof;

e) For punitive damages in an amount according to proof;

f) For prejudgment interest as provided by law;

g) For costs of suit;

h) For civil penalties, where appropriate; and

i) For such other and further relief as the Court may deem proper.

Dated: June 14, 2023            MOON & YANG, APC

By: _____
        Kane Moon
        Christopher Garcia
        Michael Citrin
        Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

Dated: June 14, 2023            MOON & YANG, APC

By: _____
        Kane Moon
        Christopher Garcia
        Michael Citrin
        Attorneys for Plaintiff